UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| EUGENE R. BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 22-02-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| C.O. SGT. ROBERTS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Eugene Brown is an inmate confined at the Kenton County Detention Center. Brown has filed a *pro se* civil rights complaint [D. E. No. 3] and the Court has granted his motion to proceed *in forma pauperis* by separate Order. [D. E. No. 6] Because the Court has granted Brown *pauper* status and because he is a prisoner suing government officials, the Court must review his complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. At this stage of the case, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Brown indicates that from July through September 2021 he was confined at the Boone County Detention Center ("BCDC"). Brown states that BCDC Sergeant Roberts moved him to a cell that Roberts described as "racist," and shortly after he was placed in the cell two of his cellmates attacked and severely beat him. Brown indicates that it took several hours before he was taken to the hospital, where x-rays showed that some of his bones were broken. Brown further alleges that there were repeated delays providing him with medical care, including for the surgery on his broken bones, receiving physical therapy, and removing stitches after the surgery. [D. E. No. 1 at 2-5]

Brown indicates that he previously filed another lawsuit regarding the facts and claims at issue in his Complaint. [D. E. No. 1 at 9] In a recent letter Brown directed to the Clerk of the Court, Brown asks for information about the status of "Case #21-CI-01431" while indicating that he had received answers from several of the defendants. A search of the Kentucky Court of Justice's online court database shows that on December 3, 2021, Brown filed a civil complaint against Roberts and BCDC in the Circuit Court of Boone County, Kentucky regarding these same matters, and that the defendants in that case have recently filed an answer to his complaint.[1]

---

[1] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=008&court=1&division=CI&caseNumber=21-CI-01431&caseTypeCode=OTH&client_id=0 (visited on January 27, 2022). The court may take judicial notice of undisputed information contained

Because Brown has already filed a lawsuit in the state courts of Kentucky regarding the same subject matter, the Court will dismiss this action without prejudice on abstention grounds. The Court may raise the possible need to abstain from exercising jurisdiction *sua sponte*. *Hill v. Snyder*, 878 F. 3d 193, 206 n.3 (6th Cir. 2017). The abstention doctrine is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)." Thus, even where a federal court possesses subject matter jurisdiction, the Supreme Court has recognized that prudence and comity warrant abstaining from the exercise of that jurisdiction in certain circumstances where the federal action is intertwined with a case or controversy that already has (or could have been) brought in a state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Abstention is appropriate where the same or related claims are being pursued in ongoing state judicial proceedings; those proceedings implicate important state interests; and the state proceedings provide an adequate opportunity to raise any constitutional claims. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)

---

on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F. 2d 75, 82-83 (6th Cir. 1969). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

(affirming district court's *sua sponte* dismissal of complaint based on finding that plaintiff's ongoing state judicial disciplinary proceedings required the federal court to abstain). Brown's case satisfies these criteria. Brown asserted his claims in the state proceeding before he did so in this matter, and the state proceeding is ongoing. Kentucky has an important state interest in the development and application of its own laws, including the common law torts set forth in Brown's complaint. With respect to federal claims, Brown's complaint notably does not assert any claim under the United States Constitution, stating instead that he was assaulted and did not receive proper medical care. [D. E. No. 3 at 6] Even if the Court were to infer an intent to assert a federal claim from this wording, Kentucky is entitled to a presumption that its courts will provide a ready and adequate forum to hear and address federal constitutional claims asserted by those appearing before them, and Brown gives no reason to doubt that he is able to adequately assert his claims in that proceeding. *Cf. Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435-36 (1982); *Hayse v. Wethington*, 110 F.3d 18, 21-22 (6th Cir. 1997). Therefore, *Colorado River* indicates that the Court should abstain from exercising its jurisdiction over such claims. *See Aaron v. O'Connor*, 914 F. 3d 1010, 1016-17 (6th Cir. 2019).

Accordingly, it is **ORDERED** as follows:

1. The Complaint filed by Plaintiff Eugene Brown [D. E. No. 3] is **DISMISSED** without prejudice.

2. This matter is **STRICKEN** from the docket.

This the 28th day of January, 2022.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge